[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11784

_____

BIA No. A077-641-841

YA-ZHEN ZOU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 31, 2012)

Before DUBINA, Chief Judge, JORDAN, and ALARCÓN,[*] Circuit Judges.

_____

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Petitioner Ya-Zhen Zou ("Zou"), a native and citizen of China, and a mother of three American-born children, seeks review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen her removal proceedings. Zou concedes that she filed her motion to reopen almost five years after her removal order became final. She contends, however, that she is exempt from the 90-day filing requirement for a motion to reopen based on changed country conditions in China with respect to the enforcement of its one-child policy, in light of this Court's decision in *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316 (11th Cir. 2009). We agree and grant her petition for review, vacate the BIA's order denying her motion to reopen, and remand for further proceedings.

I

Zou is an undocumented alien and a native of China from Changle City, Fujian Province. She entered the United States without valid entry documents in 1999. Zou was served with a Notice to Appear charging her with removability under 8 U.S.C. § 1182(a)(4)(A), as an alien likely to become a public charge, and under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien not in possession of valid immigration documents. On October 12, 2000, she filed an application for

2

asylum, withholding of removal, and protection under the Convention Against Torture. Zou supplemented her asylum application after she gave birth to her two children in 2002 and 2004. She contended that if she were to return to China, she would risk being forcibly sterilized as a result of China's enforcement of its one-child policy.

On July 19, 2004, the Immigration Judge ("IJ") denied her application for asylum and related relief from removal. The IJ concluded that Zou failed to present sufficient evidence to establish her claim that she would be forced to undergo sterilization upon her return to China. Zou appealed the IJ's decision to the BIA. On December 6, 2005, the BIA issued a decision agreeing with the IJ's decision and dismissing her appeal. Zou timely filed a petition for review of the BIA's order with this Court. On June 6, 2007, this Court determined that the evidence did not compel the conclusion that Zou had a well-founded fear of forcible sterilization and denied Zou's petition. *Zou v. U.S. Att'y Gen.*, 236 F. App'x 550, 554-55 (11th Cir. 2007).

On September 8, 2010, Zou filed a motion to reopen her removal proceedings for the purpose of filing a successive asylum application based upon her marriage, the birth of her third child in 2006, and changed country conditions in China. Zou presented the following new evidence in support of her asylum

3

claim and as evidence of changed country conditions: 1) her own affidavit stating that she had married, had given birth to a third child, and feared that she will be sterilized upon her return to China; 2) her husband's affidavit testifying to the same facts set forth in her affidavit; 3) a 2009 fine receipt, and a 2010 letter from Zou's cousin Lin, in which Lin states that she was forcibly sterilized and fined in China as a result of violating its one-child policy; 4) a Changle City Birth Control Sterilization Certificate, and a 2010 letter from Zou's friend Liu, in which Liu states that she was forcibly sterilized in China after the birth of her second child in 2009; 5) a 2010 Decree of the Changle City Birth Control Bureau, which states that Zou must be sterilized, pursuant to the Fujian Province Population and Family Planning Regulations, if she returns to China; 6) a 2007 Letter from Hangcheng Town, Shirong Village Resident's Committee, Changle City ("Village Committee Letter"), which states that in Changle City, Fujian Province, all Chinese citizens in the United States who have two children shall be subjected to sterilization unless they are naturalized, have legal permanent resident status in the United States, or have a master's or Ph.D. degree in the United States; 7) a December 27, 2005 Directive ("2005 Directive") from the birth control authority in Changle City, which states that "couples who gave birth out of plan, shall be fined according to current standards. The women [of] reproductive age . . . shall be inserted with the

4

IUD.  For those who pregnant [sic] out of the plan, shall be aborted.  One party of the couple shall be sterilized if the nature of the violation is very serious;" 8) the 2003 U.S. Department of State Country Reports on China; 9) a 1998 Country Profile on China; 10) a 1999 Changle City Q&A Handbook; 11) a 2003 Administrative Decision of the Fujian Province Family Planning Administration; and 12) a 2003 Administrative Opinion of the Changle City Family Planning Administration.

On March 29, 2011, the BIA denied Zou's untimely motion to reopen, based on its conclusion that Zou's evidence failed to show changed country conditions in China.  The BIA also noted that Zou's documents from China had not been authenticated pursuant to 8 C.F.R. § 1287.6, or in any other manner, and that most of Zou's documents were not new or previously unavailable.  It further noted that it has previously considered and addressed many of Zou's documents in its precedent decisions, including the 1998 Country Profile on China, the 1999 Changle City Q&A Handbook, and the 2003 Administrative Decisions.  Although the BIA found that the new evidence demonstrated that China regards a child of Chinese nationals who have not permanently settled in another country as a Chinese national, it nevertheless concluded that the evidence was insufficient to establish that Zou had a well-founded fear of forcible sterilization.  The BIA held

5

that the evidence presented in Zou's motion to reopen did not show an increase in the enforcement of China's one-child policy in Zou's home province. It also found that the evidence was insufficient to provide unambiguous corroboration of incidents of coerced sterilization.

On May 20, 2011, Zou timely filed a petition for review of the BIA's decision with this Court.

II

A denial of a motion to reopen is reviewed for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (quoting *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985)).

"It is within the discretion of the [BIA] to deny a motion to reopen for at least three reasons: '1) failure to establish a prima facie case [of eligibility for asylum or withholding of removal]; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.'" *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374-75 (11th Cir. 2007)

6

(second alteration in original) (quoting *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001)).  "Although [the BIA] is not required to discuss every piece of evidence presented before [it, it] is required to consider all of the evidence submitted by the applicant."  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1376 (11th Cir. 2006) (citation omitted).

To qualify for asylum or withholding of removal, an applicant must establish that he or she has a well-founded fear of persecution if removed to his or her home country on account of race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. §§ 1101(a)(42), 1158(b)(1), 1231(b)(3).  "[A] person who has a well founded fear that he or she will be forced to [abort a pregnancy or to undergo involuntary sterilization] or [be] subject to persecution for  . . . failure, refusal, or resistance [to undergoing such a procedure or other coercive population control program] shall be deemed to have a well founded fear of persecution on account of political opinion."  8 U.S.C. § 1101(a)(42)(B).

## III

Although Zou concedes that she moved to reopen late, she contends that the BIA erred in denying her motion to reopen as untimely because it failed to consider the new evidence she submitted in support of her motion.  She asserts

7

that reopening is warranted because she presented material, previously unavailable evidence of changed country conditions that establish a prima facie case of eligibility for asylum and withholding of removal.  In requesting reopening under 8 U.S.C. § 1229a(c)(7)(C)(ii), Zou asserts that she attempted to establish a particular change in China's country conditions – namely, the increase in the enforcement of the China's one-child policy in Zou's hometown, Changle City.

Motions to reopen immigration proceedings "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened."  8 C.F.R. § 1003.2(c)(2); *accord* 8 U.S.C. § 1229a(c)(7)(C)(i).  Under 8 U.S.C. § 1229a(c)(7)(C)(ii), in the case of an alien seeking asylum, withholding of removal, or relief under Convention Against Torture, there is no time limit on the filing of a motion to reopen if the motion is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding.  An alien who attempts to show that the evidence is material bears the "heavy burden" of showing that his or her new evidence would likely change the outcome of the case.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006).

An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in his or her personal circumstances. *Chen v. U.S. Att'y Gen.*, 565 F.3d 805, 809-10 (11th Cir. 2009).  The birth of additional children or marriage is only a change in personal circumstances and cannot serve as a basis for reopening under 8 U.S.C. § 1229a(c)(7)(C)(ii).  *Zhang*, 572 F.3d at 1319.  However, this Court has held that the more stringent enforcement of China's one-child policy amounts to a change in country conditions.  *Id.*

Zou's contentions in this appeal are similar to those reviewed in this Court's decision in *Zhang*.  In *Zhang*, the petitioner, a native of Changle City, Fujian Province, China, was ordered removed by an IJ in 2004.  572 F.3d at 1318.  In 2008, Zhang moved to reopen her prior proceedings before the BIA, and presented evidence she had not previously presented, to show a change of the country conditions in China and to prove a prima facie case for asylum.  Among the documents that Zhang presented were 1) her own affidavit stating that, since the denial of her asylum application, she had married and given birth to two children, that her mother had been forcibly sterilized in China for giving birth to two children, and that she would also be sterilized if forced to return to China; 2) a number of documents about China's birth control policies that were issued or published prior to 2003; 3) the same Village Committee Letter and 2005 Directive

9

presented by Zou in her motion to reopen; and 4) the 2003 U.S. Department of State Country Reports on China. *Id.*

In reversing the BIA's denial of her motion to reopen and remanding, this Court noted that "the BIA discounted the Village Committee Letter based on authenticity, but failed to consider whether it did indeed indicate changed circumstances since the removal proceeding in light of the other record evidence presented by Zhang." *Id.* at 1320. This Court further reasoned that even if the BIA properly discounted the Village Committee Letter, it should not have "entirely ignored" the 2005 Directive. *Id.* It also concluded that, "in light of the [2003] Department of State Reports on China and other record evidence that the BIA failed to address, the [2005] Directive appear[ed] to show that China's one-child policy [was] enforced more stringently now than when Zhang was ordered removed." *Id.* This Court held in *Zhang* that the BIA abused its discretion and remanded the case to the BIA to reopen the proceedings and to consider the merits of her claims for asylum and withholding of removal. *Id.*

Zou, like the petitioner in *Zhang*, is from Changle City, Fujian Province, China. She was ordered removed from the United States in 2004, the same year as Zhang. Zou offered exactly the same new evidence to prove changed country conditions since the conclusion of her prior removal proceedings, i.e., the

10

December 27, 2005 Directive, the 2003 U.S. Department of State Country Reports on China, the Village Committee Letter, and Zou's own affidavit. Because this Court concluded that this constituted sufficient evidence in *Zhang* to show changed country conditions in the same province and town in China, we must reach the same conclusion in this matter.

Two of this Court's other recent decisions – *Li* and *Jiang* – also support the conclusion that we reach in this appeal. In both cases, the petitioners, who are also natives of Fujian Province, filed their motions to reopen based on a change in the enforcement of China's one-child policy. *Li*, 488 F.3d at 1372-73; *Jiang*, 568 F.3d at 1254. The petitioners presented new evidence, some of which was similar to the evidence presented by Zou, such as petitioners' own affidavits and the U.S. Department of State's Country Reports. *See Li*, 488 F.3d at 1373; *Jiang*, 568 F.3d at 1257. This Court determined in each case that when considered together, this evidence was also sufficient to demonstrate changed country conditions in Fujian Province, China. *Li*, 488 F.3d at 1375; *Jiang*, 568 F.3d at 1258.

The Government contends that the BIA did not err in declining to rely on documents from China that had not been authenticated. However, *Zhang* controls on this contention as well. Some of the documents in *Zhang* were also unauthenticated. Nevertheless, this Court determined that the evidence was

11

sufficient to demonstrate changed country conditions and remanded the case to the BIA. *Zhang*, 572 F.3d at 1320. We are bound by this Court's prior precedent. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.") (quotation omitted)). We are therefore persuaded that the same unauthenticated documents sufficiently demonstrate changed country conditions in China in the case before us.

### IV

In light of *Zhang*, *Li*, and *Jiang*, we conclude that the BIA did not give appropriate consideration to Zou's unauthenticated evidence because of other record evidence that demonstrated the increased enforcement of China's one-child policy. Accordingly, we GRANT Zou's petition, VACATE the BIA's order, REMAND, and direct the BIA to reopen proceedings so that it may consider the merits of Zou's claims for asylum and related relief from removal.